Millard L. Midonick, S.
The motion to discharge the guardian ad litem ¡of the two respondents, who have appeared herein by attorney, is granted. The guardian ad litem was appointed when both were under the age of 21 years. One of the respondents has now attained the age of 21 years and the other is now over the age of 18 years. Both reside in Greece, and it is conceded that under the law of their domicile a person does not attain his majority until age 21.
The law of the forum governs all matters relating purely to procedure, including who may and who must be parties to a proceeding. (Restatement, Conflict of Laws 2d, § 125.) Under New York law, the respondents were necessary parties. “ A party other than an infant or incompetent may appear and *109 prosecute or defend a special proceeding- in person or by attorney ”. (SCPA 401, subd. 1.) An infant is defined in that statute as a person “ under the age of 18 years.” (SCPA 103, subd. 26, as amd. by L. 1974, oh. 904, § 1.) Thus the right of the respondents to appear by attorney and to defend their interests in litigation -in New York is assured by explicit legislative authorization.
The attorneys at law were in this case selected by an attorney in fact appointed by each respondent. No evidence is submitted with respect to the law of the domicile relative to such .an instrument. Under our practice, it is not essential in all cases that an attorney who files a notice of appearance shall also file a written authorization from his client, although this court has discretion to require him to do so, and will generally require such authorization where service of process is not made personally within the State. (SCPA 401, subd. 3.) Here the court is satisfied that it has personal jurisdiction and that the attorneys have been authorized to appear on behalf of both respondents, as well as other members of the family.
That is not to say, however, that a power of attorney will be given full recognition in this State. With respect to the payment of any property to the younger respondent at his domicile, the law of his domicile governs, and payment must be made to one qualified to receive it under the law of the domicile (EPTL 13-3.4, as amd. by L. 1974, ch. 903, § 5).
The discharge of the guardian ad litem is without prejudice to any rights he may have to compensation for services rendered during the period when his wards were under disability according to the law of New York.